IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MUSTAFA MOUSAB ALOWEMER, | : | No. 3:25-CV-0941 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN FCI ALLENWOOD LOW, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Mustafa Mousab Alowemer initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. He attempts to collaterally attack his 2022 sentence entered by the United States District Court for the Western District of Pennsylvania. The court will dismiss Alowemer's Section 2241 petition for lack of jurisdiction.

I.   BACKGROUND

Alowemer is currently serving a 208-month sentence after pleading guilty to attempting to provide material support and resources to a designated foreign terrorist organization, 18 U.S.C. § 2339B(a)(1). See United States v. Alowemer, No. 2:19-cr-00219, Doc. 151 (W.D. Pa. Nov. 10, 2022). Alowemer appealed, but the United States Court of Appeals for the Third Circuit affirmed his judgment of sentence on March 12, 2024. See United States v. Alowemer, 96 F.4th 386, 387 (3d Cir. 2024).

It does not appear that Alowemer filed a petition for a writ of certiorari from the Supreme Court of the United States or a motion to vacate or set aside sentence under 28 U.S.C. § 2255. Instead, on May 28, 2025, he lodged the instant Section 2241 petition in this court. (Doc. 1). Alowemer attempts to collaterally attack his sentence through 28 U.S.C. § 2255(e) and Section 2241. (See Doc. 1 at 4-6). However, because this court does not have jurisdiction to entertain the instant Section 2241 petition, it must be dismissed.

## II.   DISCUSSION

Alowemer challenges his 2022 sentence by arguing that the sentencing court improperly made factual determinations when it applied the 12-level terrorism enhancement under Section 3A1.4(a) of the United States Sentencing Guidelines (U.S.S.G.). He claims that his Sixth Amendment jury trial rights and Fifth Amendment due process rights were violated by this sentencing procedure. Alowemer, however, already challenged the same sentencing enhancement on direct appeal. Moreover, recent Supreme Court precedent forecloses Alowemer's attempt to utilize a Section 2241 petition to challenge his judgment of sentence.

Generally, the presumptive method for bringing a collateral challenge to the validity of a federal conviction or sentence is a motion to vacate pursuant to 28 U.S.C. § 2255. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)

2

(citation omitted). Only in the exceedingly rare circumstance where a Section 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention" can a federal prisoner proceed under Section 2241 instead of Section 2255. See 28 U.S.C. § 2255(e) (sometimes referred to as the "safety valve" or "saving clause"); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), abrogated by Jones v. Hendrix, 599 U.S. 465 (2023).

For many years, the law in the Third Circuit (and the majority of other circuits) was that this "saving clause" in Section 2255(e) applied in the rare situation when an intervening change in controlling, substantive law renders the petitioner's prior conduct noncriminal. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 179-80 (3d Cir. 2017) (collecting cases), abrogation recognized by Voneida v. Johnson, 88 F.4th 233 (3d Cir. 2023). In other words, for more than two decades, the Third Circuit held that Section 2255(e) permitted a federal prisoner to resort to Section 2241 when he "had no earlier opportunity to challenge" a conviction for a crime "that an intervening change in substantive law may negate." Id. at 180 (quoting Dorsainvil, 119 F.3d at 251).

On June 22, 2023, however, the Supreme Court of the United States decided Jones v. Hendrix, abrogating—among other circuit court decisions—In re Dorsainvil and affecting a sea change in habeas practice with respect to Section 2241 petitions. See Jones, 599 U.S. at 477. The Jones Court explicitly held that

3

"§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Id. at 471.

Rather, Section 2255(e)'s saving clause is reserved for exceedingly rare situations where it is "impossible or impracticable to seek relief in the sentencing court," such as when the sentencing court dissolves or when the prisoner is unable to be present at a necessary hearing. See id. at 474-75, 478. The saving clause also "preserves recourse to § 2241 . . . for challenges to detention other than collateral attacks on a sentence." Id. at 478; see also id. at 475-76. In all other circumstances, a convicted prisoner's *only* avenue for filing a second or successive Section 2255 motion attacking his sentence is expressly codified in 28 U.S.C. § 2255(h): "newly discovered evidence," 28 U.S.C. § 2255(h)(1), or "a new rule of *constitutional* law," id. § 2255(h)(2) (emphasis added). Jones, 599 U.S. at 477-80.

Alowemer's Section 2241 petition plainly fails under even the more lenient law that preexisted Jones v. Hendrix. Alowemer challenged the propriety of the terrorism enhancement under U.S.S.G. § 3A1.4(a) on direct appeal, albeit unsuccessfully. See Alowemer, 96 F.4th at 388-89. Section 2255(e)'s saving clause, therefore, does not apply because Alowemer has already had the opportunity to challenge this sentencing enhancement and he could have raised

4

his instant constitutional claims as part of that appeal. He also could have attempted to assert them in a timely motion to vacate or set aside sentence under 28 U.S.C. § 2255. The fact that the Third Circuit denied his appeal in March 2024 and the one-year statute of limitations for a Section 2255 motion has likely expired, see 28 U.S.C. § 2244(d)(1), does not render Section 2255 "inadequate or ineffective" such that Alowemer can resort to Section 2241. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." (citation omitted)).

Accordingly, Section 2255(e)'s saving clause does not apply to Alowemer's claim. Thus, his Section 2241 petition must be dismissed for lack of jurisdiction. See id. at 538, 539.

### III. CONCLUSION

Based on the foregoing, the court will dismiss Alowemer's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate order follows.

Date: 9/30/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

5